UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MADIHA MINER, <br><br> Plaintiff, <br><br> v. <br><br> KING COUNTY SUPERIOR COURT - JUVENILE, <br><br> Defendant. | CASE NO. C19-0847JLR <br><br> ORDER STRIKING MOTIONS |

On June 19, 2019, the court entered an order remanding this action to King County Superior Court because this court lacks subject matter jurisdiction over Plaintiff Madiha Miner's complaint. (*See* 6/19/19 Order (Dkt. # 6).) The matter is closed, and pursuant to Local Rule LCR 3(i), the Clerk will remand this action to state court on July 3, 2019. *See* Local Rules W.D. Wash. LCR 3(i).

Despite the court's ruling, on June 25, 2019, Ms. Miner filed three motions. (Mot. 1 (Dkt. # 7); Mot. 2 (Dkt. # 9); Mot. 3 (Dkt. # 10).) The court struck these motions the

next day again explaining that it lacks the subject matter jurisdiction to make substantive rulings in Ms. Miner's case. (*See* 6/26/19 Order (Dkt. # 12) at 2; *see also* 6/19/19 Order at 2-4 (remanding the action to state court)).

Nevertheless, on July 1, 2019, Ms. Miner filed three more motions. (*See* Mot. 4 (Dkt. # 14) (seeking the entry of judgment in the amount of $1 million); Mot. 5 (Dkt. # 15) (seeking the entry of default judgment); Mot. 6 (Dkt. # 16) (seeking the removal of her case to the United States Supreme Court).) Because the court ordered this matter remanded for lack of subject matter jurisdiction, the court strikes these motions as well.

In addition, Ms. Miner has several other cases presently pending in the Western District of Washington. (*See* Case Nos. C19-0821JLR, C19-0822JLR, C19-0846JLR, C19-0848JLR, C19-0849JLR.) In each of these cases, Ms. Miner has filed numerous frivolous motions even though the court has either dismissed her complaint pursuant to 28 U.S.C. § 1915(e) or remanded her action to state court. (*See id.*) If Ms. Miner continues to file such motions in her cases, the court will consider entering a vexatious litigant order against her, which will place litigation restrictions upon her within the Western District of Washington. The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Although such orders should be rare, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

In sum, the court STRIKES Ms. Miner's motions (Dkt. ## 14, 15, 16), and will consider entering a vexatious litigant order against her if she files any more motions in this matter.

Dated this 3rd day of July, 2019.

JAMES L. ROBART
United States District Judge